09-3442-cr
United States v. Chowdhury

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2010

(Argued: February 17, 2011                                    Decided: February 22, 2011)

Docket No. 09-3442-cr

UNITED STATES OF AMERICA ,

        *Appellee*,

        v.

NIZAMUDDIN CHOWDHURY,

        *Defendant-Appellant.**

Before: CABRANES, CHIN, *Circuit Judges,* and CROTTY, *District Judge.***

————————

        Nizamuddin Chowdhury appeals from a July 31, 2009, judgment of conviction entered by the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*), for possession with intent to distribute 1-Benzylpiperazine (BZP) in violation of 12 U.S.C. § 846. We hold that the District Court did not err when it determined that the controlled substance referenced in the United States Sentencing Guidelines that is most closely related to a mixture of BZP and 3-triflouromethylphenyl (TFMPP) is 3,4-Methylenedioxymethamphetamine (MDMA), or ecstasy. The sentence imposed by the District Court was not procedurally unreasonable and the judgment of the District Court is **AFFIRMED**.

————————

      * The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

      ** The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

GENNARO D. CALABRESE, Kindlon Shanks & Associates, Albany NY, *for Defendant-Appellant Nizamuddin Chowdhury.*

PAUL D. SILVER, Assistant United States Attorney (Richard S. Hartunian, United States Attorney, *on the brief*; and Daniel C. Gardner, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Northern District of New York, Albany, NY, *for Appellee United States of America.*

PER CURIUM:

The question presented is whether the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*) engaged in clearly erroneous fact-finding that led to a procedurally unreasonable sentence when it determined that the controlled substance referenced in the United States Sentencing Guidelines that is most closely related to a mixture of 1-Benzylpiperazine ("BZP") and 3-Triflouromethylphenyl ("TFMPP") is 3,4-Methylenedioxymethamphetamine ("MDMA"), or ecstasy. We hold that the District Court did not err, much clearly err, and therefore affirm.

**BACKGROUND**

The facts of this case are not in dispute. In November 2008, approximately 28,000 yellow pills were found in defendant-appellant Nizamuddin Chowdhury's car when he was stopped at a U.S. Customs and Border Protection (CBP) checkpoint in upstate New York. The pills, which tested positive for MDMA at the checkpoint, were later verified at a laboratory to contain a combination of BZP and TFMPP. In February 2009, Chowdhury pleaded guilty to one count of possession with intent to distribute approximately 8.475 kilograms of BZP in violation of 12 U.S.C. § 846.

Because BZP is a "controlled substance that is not specifically referenced" in the Guidelines, the United States Probation Office calculated Chowdhury's base offense level by using the "the

marijuana equivalent of the most closely related controlled substance referenced in" the Guidelines. U.S.S.G. § 2D1.1, cmt. n. 5. The marijuana equivalency for 8.475 kilograms of MDMA translates into a base offense level of 34.[1] The Probation Office reduced the offense level by 2 levels pursuant to the "safety valve" provision under U.S.S.G. § 5C1.2 and 3 more levels for Chowdhury's "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1(a). The final offense level was therefore 29, which, with a criminal history category of I, rendered the Guidelines range 87-108 months.

At sentencing, Chowdhury argued that the use of MDMA as a substitute for BZP-TFMPP was error. He argued that because BZP is ten to twenty times less potent than MDMA, and more similar to amphetamine, the District Court should use amphetamine as the most closely related substitute. In response, the government argued that—according to the Forensic Laboratory in New York City of the Drug Enforcement Administration ("DEA")—"BZP is mixed with TFMPP for the specific purpose of mimicking the effects of MDMA"; that "the mixture of the two chemicals together causes an effect on the central nervous system similar to MDMA"; and that the combination of BZP and TFMPP is "sold by drug traffickers as MDMA at the same price." *Rebuttal Sentencing Memorandum of the United States* 6. The District Court concluded that "it's pretty clear that when BZP [is] combined with TFMPP, it is closest to [MDMA], ecstasy." Transcript of Sentencing Proceeding at 15, *United States v. Chowdhury*, 08-cr-710 (N.D.N.Y. July 31, 2009). The District Court therefore "credited" the Probation Office's calculation of the Guideline range, *id.*, and sentenced Chowdhury within the Guideline range, principally to a 96-month term of imprisonment. Chowdhury filed a timely notice of appeal.

---

[1] Under U.S.S.G § 2D1.1, tbl. D (Drug Equivalency Tables), 1 gram of MDMA is equal to 500 grams of marijuana. 8.475 kilograms of MDMA therefore equals 4,237.5 kilograms of marijuana, which indicates a base offense level of 34. *Id.* tbl. C (Drug Quantity Table) (associating "[a]t least 3,000 KG but less than 10,000 KG of Marihuana" with a base offense level of 34).

**DISCUSSION**

It is well established that we review a criminal sentence for "'unreasonableness,'" which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (in banc) (quoting *United States v. Booker*, 543 U.S. 220, 245 (2005)). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). "Procedural error includes, among other things, selecting a sentence based on clearly erroneous facts." *United States v. DeSilva*, 613 F.3d 352, 356 (2d Cir. 2010) (quotation marks omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quotation marks omitted).

Chowdhury contends that the District Court clearly erred when it held that—for the purpose of calculating his guideline sentencing range—the controlled substance referenced in the Guidelines that is most closely related to a mixture of BZP and TFMPP is MDMA. He argues that, because it was clear error for the District Court to use MDMA, the District Court misapplied the Guidelines and his sentence is therefore procedurally unreasonable. We disagree. The Sentencing Guidelines specify that "[i]n determining the most closely related controlled substance" for the purposes of § 2D1.1, the Court must take into account "to the extent practicable":

> (A) Whether the controlled substance not referenced in this guideline has a chemical structure that is substantially similar to a controlled substance referenced in this guideline.

> (B) Whether the controlled substance not referenced in this guideline has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance referenced in this guideline.

4

(C) Whether a lesser or greater quantity of the controlled substance not referenced in this guideline is needed to produce a substantially similar effect on the central nervous system as a controlled substance referenced in this guideline.

*Id.*, cmt. n. 5.

It is clear from the record below that the District Court carefully considered the statutory factors. It relied on the DEA's determination that BZP and TFMPP are used in combination precisely because the mixture "mimic[s] the effects" of MDMA on the central nervous system. *See* Brief of the United States 13 (citing National Forensic Laboratory Information Midyear Report 2003 at 14, available at http://www.deadiversion.usdoj/gov/nflis/2003midyear.pdf (last visited on Dec. 12, 2010)); *see also* Microgram Bulletin - Intelligence Alert, Drug Enforcement Administration, Office of Forensic Sciences (December 2008), available at http://www.justice.gov/dea/programs/ forensicscimicrogram/mg1208/mg1208.html (last visited on Jan. 29, 2011). The fact that the pills confiscated from Chowdhury were preliminarily identified by the CBP agents as MDMA and have a "street price" similar to that of MDMA lends further support to the conclusion that their intended neurological effects are similar. As a result, we are persuaded that the District Court did not err in deciding to "credit the Probation Department's" conclusion that "when BZP [is] combined with TFMPP, it is closest to [MDMA]."

The fact that the District Court lacked sufficient data with respect to the chemical structure and potency of BZP-TFMPP is of little significance. The statute explicitly requires that the sentencing judge consider the enumerated factors, "to the extent practicable," § 2D1.1 cmt. n. 5, thus recognizing that, in some circumstances, sentencing courts will be unable to match substances under each of the factors. In the absence of a substance with a substantially similar chemical structure, *see United States v. Beckley,* 715 F. Supp. 2d 743, 748 (E.D. Mich. 2010) (concluding, after extensive fact-finding, that "there is no controlled substance within the Sentencing Guidelines

5

Manual that has a chemical structure which is similar to that of BZP-TFMPP"), or reliable information regarding the relative potency of the two substances, *see* Defendant's Sentencing Memorandum 3 (conceding that "we don't know the relative potencies of BZP and MDMA" (emphasis omitted)), the District Court's determination that MDMA is the appropriate substitute for BZP-TFMPP was not "clearly erroneous." Indeed, each federal court to confront this question has come to the same conclusion. *See United States v. Rose*, 722 F. Supp. 2d 1286, 1289 (M.D. Ala. 2010); *Beckley*, 715, F. Supp. 2d at 749.[2]

Finally, we also reject Chowdhury's argument that because the crime for which he was convicted related solely to the possession of BZP, the District Court should have limited its analysis to the closest substitute for BZP as opposed to BZP-TFMPP. As in *Beckley* and *Rose*, the substance in Chowdhury's possession was not BZP alone, but a combination of BZP-TFMPP that "is sold as MDMA, promoted as an alternative to MDMA and is targeted to the youth population." Schedules of Controlled Substances, 69 Fed. Reg. 12794-01, 12795 (Mar. 18, 2004). To ignore the fact that the narcotics in Chowdhury's possession were more similar to MDMA than any alternative would stretch the logic of the Sentencing Guidelines beyond their breaking point.

---

[2] Chowdhury urges us to conclude that the sentence imposed by the District Court was also procedurally unreasonable because in determining Chowdhury's base-offense level under the Guidelines the District Court did not take into account the fact that BZP-TFMPP may be significantly less potent than an equivalent amount of MDMA. However, even if, *arguendo*, we were inclined to agree that the District Court erred in crediting the DEA's determination on the question of potency, the fact that the District Court failed to reduce Chowdhury's base-offense level would not constitute error because the question of the relative potency of two narcotics is appropriately considered by a sentencing court as part of its analysis pursuant to 18 U.S.C. § 3553(a). *See Rose*, 722 F. Supp. 2d at 1289 ("After there has been a determination of the listed drug most closely related to the unlisted drug, the Sentencing Guidelines do not provide a method to adjust the base-offense level for any potency difference remaining between the listed drug and the unlisted drug. This potency adjustment, if warranted, may therefore be appropriately addressed as a variance.").

Because the District Court did not err when it determined that the controlled substance referenced in the Guidelines that is most closely related to a mixture of BZP-TFMPP is MDMA, and did not err in calculating the base offense level for the quantity of MDMA found in Chowdhury's car, it did not err in calculating Chowdhury's guideline sentencing range. Chowdhury's sentence was therefore not procedurally unreasonable.

## CONCLUSION

To summarize: we hold that the District Court did not commit procedural error when it determined that the controlled substance referenced in the United States Sentencing Guidelines that is most closely related to a mixture of 1-Benzylpiperazine ("BZP") and 3-triflouromethylphenyl ("TFMPP") is 3,4-Methylenedioxymethamphetamine ("MDMA"), or ecstasy. Accordingly, the judgment of the District Court is **AFFIRMED**.