11-741-cr
United States v. David

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: April 26, 2012                                         Decided: May 17, 2012)

Docket No. 11-741

UNITED STATES OF AMERICA,

*Appellee*,

v.

MITCHELL MARK DAVID,

*Defendant-Appellant.*

Before: CALABRESI, CABRANES, and CHIN, *Circuit Judges.*

Defendant Mitchell Mark David appeals from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*), entered February 17, 2011, sentencing him principally to a term of imprisonment of 228 months. Because the District Court did not have the benefit of our opinions in *United States v. Chowdhury*, 639 F.3d 583 (2d Cir. 2011), and *United States v. Figueroa*, 647 F.3d 466 (2d Cir. 2011), which were issued while this appeal was pending and which govern this case, we REMAND the cause for resentencing.

HARRY SANDICK (Kelly Mauceri, *on the brief*), Patterson
          Belknap Webb & Tyler LLP, New York, NY, *for*
          defendant-appellant Mitchell Mark David.

PAUL D. SILVER, Assistant United States Attorney (Daniel C. Gardner, Assistant United States Attorney, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY, *for* appellee the United States of America.

PER CURIAM:

The question presented is whether the District Court correctly determined, for the purpose of applying Federal Sentencing Guideline 2D1.1, the most closely analogous substance listed in the Drug Quantity Table of that Guideline to the controlled substance seized from the defendant at the time of his arrest.

Defendant Mitchell Mark David appeals from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*), entered February 17, 2011, sentencing him principally to a term of imprisonment of 228 months. Because the District Court did not have the benefit of our opinions in *United States v. Chowdhury*, 639 F.3d 583 (2d Cir. 2011), and *United States v. Figueroa*, 647 F.3d 466 (2d Cir. 2011), which were issued while this appeal was pending and which govern this case, we remand the cause for resentencing.

BACKGROUND

This appeal arises out of David's conviction, after a guilty plea, on charges of conspiring to possess and possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and of conspiring to import and importing a controlled substance, in violation of 21 U.S.C. §§ 963 and 952(a).

A.      *The Charges*

On July 1, 2009, David and a co-conspirator, Silas Benedict, were arrested while attempting to cross the Canadian border into the United States. They were found to be in possession of a car tire filled with more than fifty thousand pills weighing over fourteen kilograms, which were tested at the border checkpoint and found to contain the controlled substance known as ecstasy, or MDMA

2

(3,4 methylenedioxymethamphetamine). Evidence put forth at Benedict's trial showed that David had conveyed to a second co-conspirator at least six similar packages of pills, for which David was paid $5000 each.

On February 2, 2010, the day before he was to have gone to trial, David pleaded guilty to charges relating to the possession of "substances commonly referred to as ecstasy, including Benzylpiperazine, [("BZP"),] a Schedule I controlled substance." Although the proceedings in the District Court were conducted under the assumption that the pills contained only BZP, a Drug Enforcement Administration ("DEA") lab report submitted to this Court (but evidently not to the District Court) indicates that the pills also contained 3-triflouromethylphenyl ("TFMPP") and caffeine.

B.    *The Sentence*

At sentencing, the Court discussed at length what it described as David's lack of respect for the law. The Court cited several facts that led to its conclusion, including David's extensive arrest record and his lack of compliance with instructions of probation officers in Canada, as well as his use of drug smuggling activities to enhance his notoriety and social life within his community. The Court also recounted an incident that took place at David's arraignment: When he was told that the charges against him could carry a fine, he responded, "Well, I guess [I am] going to have to do some more smuggling to be able to pay for [that]."

In calculating the applicable Sentencing Guidelines, the District Court determined, by a preponderance of the evidence, that David was responsible for a quantity of drugs giving rise to a base offense level of 38. The Court reached that conclusion by converting the quantity of BZP for which David was responsible to its equivalent quantity of marijuana, pursuant to U.S.S.G. § 2D1.1. Although the controlled substance with regard to which David was convicted was not itself listed in

3

the Drug Quantity Table, *id.* § 2D1.1(c), the Court employed the marijuana equivalency applicable to MDMA in concluding that the appropriate base offense level was 38, *see id.* § 2D1.1 cmt. n.5.[1]

After applying a two-level reduction for acceptance of responsibility, the Court calculated that David's adjusted offense level was 36, which produced an advisory sentencing range of 188 to 235 months in David's Criminal History Category ("CHC") of I.  However, the Court observed that David's CHC understated his criminal past, because he also had an extensive criminal record in Canada.  The Court determined that an extended sentence was required in order to achieve the purposes of punishment pursuant to 18 U.S.C. § 3553(a), and imposed a sentence near the top of the applicable Guidelines range.

C.      *This Appeal*

On appeal, David argues that the sentence imposed by the District Court was procedurally and substantively unreasonable, and that he received ineffective assistance of counsel.  David raises four issues on appeal, alleging that (1) the District Court erred in determining that BZP is most closely related to MDMA for the purpose of the marijuana equivalency calculation; (2) the District Court erred in relying upon a dismissed indictment in determining sentence; (3) the sentence is substantively unreasonable because it is nearly the maximum sentence for ecstasy trafficking and because it far exceeds the length of his prior sentences; and (4) he received ineffective assistance of counsel when his counsel, *inter alia*, failed to argue issues "1" and "2," above, and permitted the District Court to misconstrue David's criminal history.

---

[1] Comment 5 to § 2D1.1 states, in pertinent part, that "[i]n the case of a controlled substance that is not specifically referenced in this guideline, [the court should] determine the base offense level using the marihuana [sic] equivalency of the most closely related controlled substance referenced in this guideline."

4

DISCUSSION

A.      *Standard of Review*

We review the District Court's factual determinations at sentencing for clear error. *United States v. Carter*, 489 F.3d 528, 534 (2d Cir. 2007). We will deem a finding of fact to be clearly erroneous if, after reviewing all of the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks omitted).

We review the procedural and substantive reasonableness of the District Court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law). "[A] trial court's sentencing decision will be classified as error only if it 'cannot be located within the range of permissible decisions.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189).

B.      *Determining the Correct Guidelines Analogue for BZP*

i.      *Our Precedent*

After David was sentenced, we issued two opinions that control the outcome in this case. In *United States v. Chowdhury*, we held that the district court had not clearly erred in determining that a controlled substance composed of BZP and TFMPP, which is "'sold as MDMA, promoted as an alternative to MDMA and is targeted to the youth population,'" should be considered most closely related to MDMA for the purpose of U.S.S.G. § 2D1.1. 639 F.3d 583, 587 (2d Cir. 2011) (quoting Schedules of Controlled Substances, 69 Fed. Reg. 12794–01, 12795 (Mar. 18, 2004)). We also determined that, although there was a discrepancy between the controlled substance in connection with which Chowdhury was convicted (BZP alone) and the actual chemical composition of the pills (BZP plus TFMPP), the district court was not required to overlook the presence of TFMPP in its

5

sentencing analysis. *Id.* ("[W]e also reject Chowdhury's argument that because the crime for which he was convicted related solely to the possession of BZP, the District Court should have limited its analysis to the closest substitute for BZP as opposed to BZP–TFMPP.").

Three months later, in *United States v. Figueroa*, we held that the district court had erred when it determined that the most closely related substance to BZP *alone* was MDMA.[2] 647 F.3d 466 (2d Cir. 2011). We determined that, "unlike in *Chowdhury*, the record on appeal does not allow us to conclude that the pills found in defendants' van were a mixture of BZP and TFMPP containing a similar chemical structure to MDMA, designed to mimic the effects of MDMA, or containing a similar potency to MDMA." *Id.* at 470. We therefore held that "the District Court's reliance on the fact that BZP and MDMA are 'interchangeable' on 'the street' is insufficient to justify the conclusion that MDMA is the appropriate substitute for BZP alone or with trace quantities of other substances pursuant to § 2D1.1." *Id.*

Although we acknowledged in *Figueroa* that the district court might ultimately determine that MDMA was the appropriate substitute based on the composition of the pills, we found that "in the absence of an evidentiary hearing to determine the nature of the mixture, its chemical structure, and its intended neurological effects, the record on appeal d[id] not permit us to determine whether the proper substitute is amphetamine . . . , MDMA, or another substance on the Drug Equivalency Table, U.S.S.G. § 2D1.1, tbl. D." Accordingly, we remanded to the district court for an evidentiary hearing to determine the composition of the pills and "the most closely related substance referenced in the Guidelines, pursuant to the criteria established under § 2D1.1, cmt. n.5." *Id.*

---

[2] According to a DEA lab report, the *Figueroa* pills were "almost exclusively composed of BZP, with 'unmeasurable' amounts of caffeine, methamphetamine, procaine, TFMPP, and MDMA itself." *Figueroa*, 647 F.3d at 470.

ii.     *This Case*

Because the District Court did not have the benefit of our decisions in *Chowdhury* and *Figueroa*, both of which were decided after the District Court imposed sentence in this case, we do not reach the issue of factual error but instead remand for resentencing. We also note that the PSR contained what may have been a significant error: it noted that the "seized substance is [BZP]," while failing to note the presence of TFMPP and caffeine. The District Court apparently was not provided with a copy of the DEA lab report. We would independently remand on this basis as well.

Furthermore, the Sentencing Commission's treatment of BZP may be evolving. Recent proposed amendments to the Sentencing Guidelines indicate that the Commission intends to add a separate marijuana equivalency category for BZP.[3] The District Court should have the opportunity to determine if the Commission's proposed amendments would affect David's sentence.

We believe the District Court might well have conducted its equivalency analysis differently had it had the benefit of our opinions in *Chowdhury* and *Figueroa*, more complete and accurate information about the composition and effect of the pills in question, or access to the Sentencing Commission's proposed Guideline amendments. *See* U.S.S.G. § 2D1.1, cmt. n.5.

Accordingly, we remand to the District Court to permit it to reevaluate the various considerations identified by the United States Sentencing Guidelines—including, as appropriate, the nature, chemical structure, and intended neurological effects of the substance contained in the pills—and to thereby determine the most closely related substance referenced in the Guidelines and the appropriate marijuana equivalency of the mixture. *See id.*

---

[3] The Commission has proposed an equivalency of 1:100 (grams of BZP to grams of marijuana), reflecting its view that BZP alone has one-twentieth the potency of amphetamine. The Department of Justice and the DEA have commented upon the Commission's proposal, suggesting that BZP should be considered one-tenth the potency of amphetamine. The final rule has not yet been published. We also note that the Commission's proposal does not address substances that combine BZP with other chemicals such as TFMPP or caffeine, although the DEA comment suggests that such substances be treated in the same way as BZP alone.

C.  *Other Arguments*

We do not address David's substantive unreasonableness argument, because we remand for correction of the procedural error discussed above.  Nevertheless, we emphasize that, on this record, we would not find that the sentence (if procedurally correct) was substantively unreasonable.  The District Court could properly conclude on the record before it that a sentence at the top of the defendant's Guidelines range was warranted.  The Court found that the defendant had an extensive criminal record not reflected by his Criminal History Category score;[4] had expressed disregard for the law in his comments to the Magistrate Judge; and that nothing short of the sentence imposed would deter the defendant from returning to his life of crime.  The District Court acted well within its authority in determining that a lengthy sentence was necessary and appropriate.

We decline to address at this time David's argument that his counsel in the District Court provided him with ineffective assistance.  Given our remand of his sentence, such an argument would be premature, and would, in any event, be more appropriately brought in an action pursuant to 28 U.S.C. § 2255.  *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

We have considered David's other arguments on appeal and find them to be meritless.

CONCLUSION

For the reasons stated above, we REMAND the cause to the District Court solely for resentencing in order to permit the Court to (a) determine the chemical composition of the pills seized from David, (b) correctly identify the most closely related substance listed on the Schedule of Controlled Substances, and (c) conduct any further proceedings consistent with this opinion.[5]

---

[4] Because we remand for resentencing, we do not address David's argument that the District Court relied upon an immigration-related indictment that had been dismissed at the time of sentence.  On remand, the District Court should state on the record the extent to which, if any, it relies upon the dismissed indictment in formulating its sentence.

[5] The defendant has been ably represented throughout this appeal by Harry Sandick and Kelly Mauceri of Patterson Belknap Webb & Tyler, who were appointed as his counsel pursuant to the Criminal Justice Act and have agreed to continue serving as his counsel on remand.  The Court thanks counsel for their work on this case.