*United States v. Samas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-four.

PRESENT:

> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>              *Appellee*,

>              v.                                                    No. 23-6578

RICKY SAMAS,

>              *Defendant-Appellant*.

_____

**For Defendant-Appellant:**        Daniel S. Erwin, Anne Silver, Assistant Federal Defenders, *for* Terence S. Ward, Federal Defender for the District of Connecticut, New Haven, CT.

**For Appellee:**        Karen L. Peck, Conor M. Reardon, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 23, 2023 judgment of the district court is **AFFIRMED**.

Ricky Samas appeals from a judgment revoking his supervised release and sentencing him to fifty-one months' imprisonment following the district court's finding, after an evidentiary hearing, that Samas violated the terms of his supervised release by possessing and selling cocaine and cocaine base. Samas argues on appeal that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the procedural and substantive reasonableness of sentences for violations of supervised release "under a deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted); *see Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence is procedurally unreasonable when the district court has committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [section] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51; *see United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). A sentence is substantively unreasonable when it would "damage the administration of justice" because it is "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Ortiz*, 100 F.4th 112, 122 (2d Cir. 2024) (internal quotation marks omitted).

On appeal, Samas asserts that the district court procedurally erred by failing to consider all of the statutory sentencing factors that apply to supervised release revocations under 18 U.S.C. § 3583(e), and by relying on unproven facts when selecting its sentence. At the outset, the government contends that Samas failed

to raise these objections below, and that we should therefore review for plain error instead of abuse of discretion. *See, e.g.*, *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019). But under either standard of review, we see no basis for concluding that the district court committed any procedural error.

Samas first argues that the district court failed to account for all of the section 3553(a) factors set out in section 3583(e) because it considered only the need for deterrence and respect for the law in imposing his sentence. We have made clear, however, that sentencing courts need not "address every argument the defendant has made or discuss every [section] 3553(a) factor individually." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (internal quotation marks omitted); *see Ortiz*, 100 F.4th at 120. Instead, we "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019) (internal quotation marks omitted). Ultimately, we "accept that the requisite consideration has occurred" so long as "nothing in the record indicates misunderstanding about [the applicable statutory requirements and the sentencing range] or misperception about their relevance." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

Contrary to Samas's argument, the record does not demonstrate that the district court misunderstood its obligation to consider the relevant statutory factors. The district court acknowledged the need to deter Samas from future misconduct and further observed that, "notwithstanding [his] numerous sentences and numerous [drug] convictions," Samas "continued to live a criminal livelihood" that "ma[de] him a continuing danger to the community." J. App'x at 75; *see* 18 U.S.C. §§ 3553(a)(1), (2)(B), (2)(C). The district court also emphasized Samas's breach of the court's trust, noting how he had, in effect, misled his probation officer. J. App'x at 75; *see* U.S.S.G. ch. 7, pt. A, introductory cmt. 3; *United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) (identifying "the breach of trust manifested by the violation" as the "critical" consideration at a revocation proceeding). And prior to announcing Samas's sentence, the district court explicitly referenced its section 3553(a) responsibility to impose a sentence that was "sufficient and not greater than necessary, to fulfill the purposes of sentencing." J. App'x at 75. That the district court highlighted certain factors does not suggest that it failed to consider the others. *See Pugh*, 945 F.3d at 25; *see also Rosa*, 957 F.3d at 118 ("[W]e simply expect the court to identify the consideration or considerations driving the selection of the sentence that was

5

actually imposed."). We therefore see no abuse of discretion, let alone plain error, in the district court's consideration of the relevant statutory factors.

Samas next argues that the district court improperly based his sentence on an unproven or erroneous finding that Samas repeatedly committed drug offenses "not because he needed to" or "ha[d] an addiction to controlled substances," but because he "ha[d] an addiction to the [criminal] life." J. App'x at 75. We disagree. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. Chowdhury*, 639 F.3d 583, 585 (2d Cir. 2011) (alterations and internal quotation marks omitted). We understand the district court's remark not as literally finding that Samas has an addiction to crime, but rather as referring to his recidivism in the absence of potentially mitigating explanations such as a drug addiction. This was amply supported by the record, which indicated that Samas had four prior drug convictions, J. App'x at 74; that he maintained full-time employment throughout his supervision and thus had a legitimate source of income, *id.* at 68–70; and that he had successfully completed substance abuse treatment programs, including in early 2023, *id.* at 72–73. On this record, the district court's statement represented, at the very least, a "permissible

view[] of the evidence," *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015) (internal quotation marks omitted) – namely, that Samas repeatedly engaged in drug distribution conduct when driven neither by necessity nor by a drug addiction. *See* J. App'x at 75. That view of the evidence is entitled to our deference.

We also reject Samas's argument that his sentence was substantively unreasonable. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018)) (internal quotation marks omitted). Here, the district court imposed a fifty-one month sentence that fell squarely within the undisputed Guidelines range of forty-six to fifty-seven months. We are not persuaded that Samas's sentence is the "exceptional" one that "cannot be located within the range of permissible decisions." *Ortiz*, 100 F.4th at 122 (internal quotation marks omitted).

Samas contends that the district court refused to give weight to the changes in the law and Guidelines that, had they been in effect at the time of his underlying conviction, would have reduced the consequences of his violation of supervised release. In particular, he notes that his criminal history category, and thus the

7

resulting Guidelines range for his revocation, would have been lower had he been sentenced on his underlying conviction under the current sentencing regime.[1] However, Samas does not – and indeed, cannot – argue that, as a matter of law, the district court incorrectly calculated his Guidelines range or sentenced him above the applicable statutory maximum.  *See United States v. Ortiz*, 779 F.3d 176, 182 (2d Cir. 2015) ("[T]he governing law for the post-revocation sentence is the law in effect at the time of the underlying offense."); U.S.S.G. ch. 7, pt. A(4) ("The grade of the violation, together with the violator's criminal history category calculated at the time of the initial sentencing, fix the applicable sentencing range.").  At best, then, Samas faults the district court for giving insufficient weight to the fact that a similarly situated violator convicted of the same offense today would be subject to less severe sentencing outcomes following a comparable violation of supervised release.  But nothing required the district court to impose a sentence of less than fifty-one months, as "[t]he particular weight to be afforded aggravating and

---

[1] In his reply brief, Samas also points out that the Fair Sentencing Act of 2010 reclassified his underlying conviction from a Class A violation to a Class B violation, the latter of which has a statutory maximum sentence of thirty-six months' imprisonment for a supervised release violation – *i.e.*, fifteen months less than the sentence he received.  Reply Br. at 9–12; *see* 18 U.S.C. 3583(e)(3).  Arguably, Samas forfeited this argument by failing to raise it in his principal brief. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are [forfeited] even if the appellant pursued those arguments in the district court or raised them in a reply brief.").  But in any event, it fails for the reasons explained herein.

mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). On this record, we find no abuse of that discretion.

Finally, Samas asserts that the district court put him in an "impossible situation" by conducting its revocation proceedings while he faced pending state charges for the same alleged conduct; according to Samas, this effectively precluded him from addressing the court without risking self-incrimination in the state case. Samas Br. at 17. Though framed as a substantive challenge, this argument sounds more in procedural unreasonableness, as Samas suggests that the timing of the revocation proceedings impacted the information available to the district court and thus its factual findings and consideration of the relevant section 3553(a) factors. No matter the framing, the argument fails. As Samas concedes, "the timing of revocation hearings *vis-à-vis* state court proceedings" is an "issue . . . for the exercise of the district court's discretion." *United States v. Jones*, 299 F.3d 103, 111 (2d Cir. 2002) (concluding that holding a revocation hearing while state court charges remain pending does not violate the Fifth Amendment right against compelled self-incrimination). We see no abuse of discretion here. While Samas did not directly address the district court, the record indicates that

9

his counsel spoke at length about a variety of mitigating factors, including his personal and family circumstances, in advocating for a below-Guidelines sentence. *See* J. App'x at 66–73. Nor does Samas specify in any detail the additional information that he might have presented had he addressed the district court directly. We therefore cannot say that the district court erred by holding the revocation hearing when it did.

We have considered Samas's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court