11-3605-cr
*United States v. Carter*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: September 20, 2012                    Decided: September 28, 2012)

Docket No. 11-3605-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

RONALD CARTER,

*Defendant-Appellant*.

Before: LEVAL, CABRANES, and KATZMANN, Circuit Judges.

Defendant-appellant Ronald Carter argues that the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*) erred by applying the ten-year mandatory minimum in 21 U.S.C. § 841(b)(1)(B) without first concluding that a ten-year sentence was "not greater than necessary" to achieve the sentencing objectives listed in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a). We reject Carter's argument and hold that a statutory mandatory minimum provision constrains a district court's discretion under § 3553(a) when it "specifically provide[s]" for a minimum sentence. *Id.* § 3551(a). In other words, a statutory mandatory minimum provision need not "specifically provide[ ]" that it trumps the general sentencing factors in § 3553(a).

Affirmed.

1

Daniel Hanlon, Paula Ryan Conan, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee United States of America.*

James P. Trainor, Cutler, Trainor, & Cutler LLP, Malta, NY, *for Defendant-Appellant Ronald Carter.*

JOSÉ A. CABRANES, *Circuit Judge*:

This case reminds us of the tension in federal criminal law between two competing but overlapping systems for imposing a sentence. In most cases, a sentencing court computes the relevant range under the U.S. Sentencing Guidelines, now advisory under the teaching of *United States v. Booker*, 543 U.S. 220 (2005), before making its own determination of an appropriate punishment after considering the general sentencing factors in § 3553(a), including the "parsimony" provision that a sentence must not be "greater than necessary" to serve appropriate sentencing objectives. 18 U.S.C. § 3553(a). For certain criminal offenses, however, Congress has created a "mandatory minimum" term of imprisonment—a blunt directive that may require judges to give sentences that they consider unduly punitive. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326–29 (2012) (describing the development of and relationship between these two sentencing regimes).

The question presented in this appeal is whether a statutory mandatory minimum provision binds a federal sentencing court when the relevant statute does not specify that it overrides the "parsimony" provision in § 3553(a). For the reasons stated below, we hold that a statutory mandatory minimum binds a sentencing court by explicitly providing a sentencing floor. The relevant statute need not specify that it overrides the "parsimony" provision or other general sentencing considerations in § 3553(a). Therefore, we affirm the judgment of the District Court.

2

## BACKGROUND

Defendant Ronald Carter pleaded guilty in 2011 to conspiracy to distribute, and conspiracy to possess with intent to distribute, fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and 851.[1] Based on the drug amount and Carter's prior felony drug convictions, the government recommended a prison term of ten years—the minimum required under § 841(b)(1)(B).[2] Although Carter recognized at the time of his guilty plea that he was subject to a ten-year mandatory minimum prison term, he argued at sentencing that a ten-year term "punishes him a second time for the prior offense conduct" and "serves none of the purposes of sentencing found in 18 U.S.C. § 3553(a)." App. 12. Considering the statutory mandatory minimum

---

[1] Section 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

Section 841(a)(1) provides, in relevant part, that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." *Id.* § 841(a)(1).

Section 851 provides, in relevant part: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." *Id.* § 851.

[2] As currently written, 21 U.S.C. § 841(b)(1)(B) provides, in relevant part:

Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: . . .

(B)  In the case of a violation of subsection (a) of this section involving . . .

(iii)  28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . .

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . .

Although Carter's relevant conduct occurred in 2009—at which time violations of § 841(a)(1) involving 50 grams or more of cocaine base triggered a twenty-year mandatory minimum, *see* 18 U.S.C. § 841(b)(1)(A) (2009)—the government sought, and the District Court applied, a ten-year mandatory minimum under § 841(b)(1)(B) (2010), as amended in the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Supreme Court subsequently held, in a separate case, that "the new, more lenient mandatory minimum provisions" of the FSA "do apply to those pre-Act offenders" who were sentenced after the FSA took effect. *Dorsey*, 132 S. Ct. at 2326.

as binding, the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*) sentenced Carter to ten years' imprisonment.

On appeal, Carter argues that the District Court erred by applying the ten-year mandatory minimum. In particular, he argues that his sentence violated the so-called "parsimony" provision of 18 U.S.C. § 3553(a), which provides that a sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with [appropriate sentencing objectives]."[3] Carter acknowledges that § 841(b)(1)(B) purports to create a mandatory minimum term of imprisonment. *See* note 2, *ante.* He also acknowledges that Congress may override the general sentencing requirements in § 3553(a), *see Dorsey*, 132 S. Ct. at 2327 ("[O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum."), but to do so, Carter argues, the mandatory minimum provision must *specifically provide* that other sentencing provisions are not controlling.

In support of this argument, Carter points to § 3551(a), which states that "[*e*]*xcept as otherwise specifically provided*, a defendant . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve" the sentencing objectives listed in § 3553(a)(2). 18 U.S.C. § 3551(a) (emphasis supplied). Carter also cites other statutes that include the phrase "notwithstanding any other provision of law," *see, e.g.*, 18 U.S.C. § 1028A(b) (aggravated identity theft statute providing for

---

[3] The appropriate sentencing objectives are listed in 18 U.S.C. § 3553(a)(2), which provides that:

The court, in determining the particular sentence to be imposed, shall consider: . . .

the need for the sentence imposed—

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

certain punishments "[n]otwithstanding any other provision of law"), and he notes that Congress even used that phrase in § 841(b)(1)(B) when discussing the availability of parole, *see* 21 U.S.C. § 841(b)(1)(B) ("Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph.").

## DISCUSSION

We review the procedural and substantive reasonableness of a district court's sentencing decision for an abuse of discretion, *see United States v. David*, 681 F.3d 45, 48 (2d Cir. 2012), keeping in mind that "[a] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions," *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and brackets omitted). Thus, we review *de novo* the legal aspects of a district court's decision to apply a mandatory minimum sentence. *See United States v. Jackson*, 504 F.3d 250, 252 (2d Cir. 2007).

We reject Carter's argument. Sentencing courts must impose a sentence consistent with the factors listed in § 3553(a) "[e]xcept as otherwise specifically provided." *See* 18 U.S.C. 3551(a). Thus, the *general* sentencing provisions in § 3553(a) give way to *specific* mandatory sentencing provisions elsewhere in the criminal code. *See, e.g., United States v. Samas*, 561 F.3d 108, 110–11 (2d Cir. 2009) (rejecting defendant's argument that "the parsimony clause in 18 U.S.C. § 3553(a) conflicts with the mandatory sentencing provisions in § 841(b)"); *cf. RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012) ("It is a commonplace of statutory construction that the specific governs the general." (alteration and quotation marks omitted)). Section 841(b)(1)(B) "provides" for a mandatory minimum, and it does so "specifically," stating that when an offense involves "28 grams or more of a mixture or substance . . . contain[ing] cocaine base" and occurs "after a prior

5

conviction for a felony drug offense has become final," the defendant "*shall be sentenced to a term of imprisonment which may not be less than 10 years* and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B) (emphasis supplied). Thus, as we have already held, the considerations in § 3553(a) cannot override the mandatory minimums in § 841(b)(1). *See Samas*, 561 F.3d at 110–11.[4]

Carter's argument does not cast doubt on this conclusion. Carter reads § 3551(a) as requiring mandatory minimum provisions to *disclaim* the applicability of § 3553(a). But that is not what § 3551(a) provides. According to § 3551(a), a defendant "shall be sentenced in accordance with" the "parsimony" provision in § 3553(a) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a). Thus, a statutory provision that "specifically provide[s]" how a defendant "shall be sentenced" trumps the general sentencing considerations in § 3553(a). In the context of mandatory minimums, this means that a statutory mandatory minimum need only "specifically provide[ ]" a sentencing floor; it need not specifically *disclaim* the general rule that a sentence must not be "greater than necessary" to satisfy appropriate sentencing objectives. *See* 18 U.S.C. § 3553(a). Adopting Carter's argument would depart from the plain text of § 3551(a) and make superfluous a host of mandatory minimum provisions that do not include a specific disclaimer. *See RadLAX*, 132 S. Ct. at 2070–71 ("[T]he [general/specific] canon avoids . . . the superfluity of a specific provision that is swallowed by the general one, 'violat[ing] the cardinal rule that, if possible, effect shall be given to every clause and part of a statute.'" (quoting *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932))).

This straightforward conclusion accords with decisions from our sister circuits. *See, e.g.*, *United States v. Senter*, 424 F. App'x 443, 446–47 (6th Cir. 2011) (rejecting defendant's argument that § 841(b)(1)(A)'s mandatory minimum provision does not trump § 3553(a) because it lacks a phrase

---

[4] Of course, the applicability of a statutory mandatory minimum does not make § 3553(a) irrelevant. Sentencing courts must still consider the general sentencing principles in § 3553(a) when deciding on an appropriate sentence *between the statutory floor and statutory ceiling*. *See Dorsey*, 132 S. Ct. at 2327 ("[A] sentencing judge must sentence an offender to *at least* the minimum prison term set forth in a statutory mandatory minimum." (emphasis supplied)).

such as "[n]otwithstanding any other provision of law"); *United States v. DeCoteau*, 630 F.3d 1091, 1098 (8th Cir. 2011) (rejecting defendant's argument that "§ 3553(a)'s parsimony provision must be followed even if there is a statutory mandatory minimum unless the statute under consideration contains an 'except as otherwise specifically provided by law' clause").

**CONCLUSION**

For the foregoing reasons, we hold that a statutory mandatory minimum provision constrains a district court's discretion under 18 U.S.C. § 3553(a) when it "specifically provide[s]" a minimum sentence, and such a provision need not "specifically provide[ ]" that it trumps the general sentencing considerations in § 3553(a). *Id.* § 3551(a). The District Court's judgment is **AFFIRMED**.