11-4398-cr
*United States v. Morrison*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of February, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                    No. 11-4398-cr

GRAYTZ MORRISON,

> *Defendant-Appellant.**

---

**FOR DEFENDANT-APPELLANT:**          BRADLEY S. STETLER, Stetler, Allen & Kampmann, Burlington, VT.

---

\* The Clerk of Court is directed to amend the caption as shown above.

**FOR APPELLEE:**                                          CRAIG S. NOLAN, Assistant United States
                                                                          Attorney (William B. Darrow, Assistant
                                                                          United States Attorney, *on the brief*), *for*
                                                                          Tristram J. Coffin, United States Attorney for
                                                                          the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont
(J. Garvan Murtha, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

After being arrested in 2009, and pursuant to a plea agreement dated September 3, 2010,
defendant-appellant Graytz Morrison pleaded guilty to (1) one count of conspiracy to distribute five
kilograms or more of cocaine and one-hundred kilograms or more of marijuana, in violation of
21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) & (B); and (2) one count of possession of a firearm after
having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The conspiracy
count carried a ten-year mandatory minimum; the possession count did not carry a minimum
sentence. Based on Morrison's conduct and criminal history, his advisory sentencing range under
the U.S. Sentencing Guidelines (the "Guidelines") was a prison term of 210 to 262 months. On
April 7, 2011, following a sentencing hearing, the District Court sentenced Morrison to prison terms
of 180 months and 120 months on the two counts, respectively, to be served concurrently.

On appeal, Morrison argues that the District Court erred (1) by considering evidence about
which Morrison was not informed, and (2) by considering the sentence of a co-defendant who faced
a 15-year mandatory minimum sentence. We assume the parties' familiarity with the facts and
procedural history of this case, which we summarize as necessary in our discussion below.

**DISCUSSION**

**A.**

Morrison first argues that the District Court committed procedural error at sentencing by
considering evidence about which Morrison was not informed prior to the sentencing hearing.
We review a district court's sentencing decision for an "abuse of discretion." *Gall v. United States*,
552 U.S. 38, 41 (2007). "A district court has abused its discretion if it based its ruling on an
erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a
decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117,
132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted). Accordingly, a
district court abuses its discretion if it commits a "significant procedural error, such as failing to
calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

2

failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Errors that do not affect substantial rights are considered harmless. *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

The government concedes that it should not have referred to outside-the-record evidence—which we summarize below—without first giving notice to Morrison. Nonetheless, the government asserts that this mistake was harmless (and did not lead to error by the District Court) because the District Court did not use the prohibited material in reaching its sentencing decision. We agree.

Briefly summarized, Morrison's argument relates to an objection he made prior to sentencing regarding a statement in his pre-sentencing report ("PSR"). One sentence of the PSR asserted that one of Morrison's co-defendants, William Corey Warner, had "purchased cocaine and pound quantities of marijuana from [Morrison]." PSR, ¶ 42. Morrison objected to this statement, pointing out that Warner had specifically denied that Morrison sold him cocaine.[1] Morrison, however, did not contest the drug quantity relevant to the charges to which he had pleaded guilty, nor did he contest the appropriate advisory Guidelines range.

Unbeknownst to Morrison or his defense counsel, Judge Murtha—who later presided over Morrison's sentencing—learned during Warner's sentencing hearing that (1) Morrison allegedly had pressured Warner to deny that Warner had ever bought cocaine from Morrison, and (2) Warner had since recanted that denial. After Warner's sentencing hearing had concluded, the following exchange occurred at Morrison's sentencing hearing:

> GOVERNMENT: In the PSR the defendant did object to some of the proposed findings, proposed factual findings. In particular the defendant asserted through counsel that he had a note that Mr. Warner had signed saying Mr. Warner's statement that Mr. Morrison provided him marijuana and cocaine was untrue. The Court is aware that Mr. Warner has retracted that.

> DEFENSE COUNSEL: Your Honor, if I may, I don't know if there's any evidence on this. Perhaps something happened in the proceeding just before this, but I'm not aware of what Mr. Warner said or didn't say about that. And I – so I would – I guess I would object to the argument.

> GOVERNMENT: The government would rely simply on the sentencing memorandum of [Warner's counsel], a publicly available document. And it is a sentencing and the Court can take into consideration everything. Again, perhaps a minor point, but nevertheless a relevant consideration.

---

[1] As the PSR noted in a footnote: "During the resolution process, Morrison wished to note that Warner purchased marijuana, not cocaine, from Morrison. Mr. Warner reportedly sent a handwritten note dated December 8, 2010 to Morrison stating, 'I never told them you brought me coke or pills b/c you didn't.'" PSR, ¶ 42 n.10.

THE COURT: All right. It's considered a minor point as far as I'm concerned.

Joint App'x 59–60.

Morrison argues that he was not aware before his sentencing that Warner had retracted his prior statement, and that, contrary to the government's assertion, the materials mentioning Warner's retraction were filed under seal and therefore were not publicly available. Morrison also argues that "government counsel . . . argued to Judge Murtha at the earlier sentencing that Mr. Warner may have been influenced, pressured or threatened by the defendant. The government accused the defendant of obstructing justice by getting Mr. Warner to lie for him." Appellant's Br. at 11. Morrison now argues that he was not given an opportunity to respond to this (in his words) "obstruction of justice" allegation. Furthermore, he asserts that "[t]he government urged the District Court to consider this evidence . . . . All of this took place without notice to the defendant and the opportunity to comment. The Court considered the evidence at sentencing." *Id.* at 12.

We agree with the government that the prosecutor's mistake in referring to the prior proceeding was harmless (and did not lead to error by the District Court) because Warner's retraction had no influence on Morrison's sentence. Morrison, after all, did not object to the PSR's calculation of the relevant drug quantities and Guidelines range, nor did he contest those issues at his sentencing hearing. Consequently, whether Morrison had previously delivered an unspecified amount of drugs to Warner was of no consequence in the District Court's analysis because the drug amount relevant to the charges to which Morrison pleaded guilty was not contested, and nothing in particular about the disputed allegation in paragraph 42 impelled a higher sentence; rather, that paragraph merely illustrated Morrison's criminal behavior and was cumulative of other uncontested facts. *See, e.g.*, *United States v. Siddiqui*, 699 F.3d 690, 703 (2d Cir. 2012) (explaining that corroborative and cumulative evidence that is erroneously admitted may be considered harmless). And the District Court's handling of the prosecutor's argument during the colloquy quoted above made clear that the Court did not consider the issue to be important.

Morrison might have a stronger argument if the government had referred to his alleged efforts to get Warner to change his story—what Morrison describes as an "obstruction of justice" allegation. But the government did no such thing. At Morrison's sentencing hearing, the government simply urged the District Court to consider Warner's *retraction* of his prior denial to having purchased cocaine from Morrison; it did not speculate about what had caused Warner to make that retraction. In other words, notwithstanding Morrison's assertions on appeal, the government's argument at Morrison's sentencing hearing and the outside-the-record statements to which it referred in support of that argument had nothing to do with obstruction of justice. Nor does anything in the record suggest that the experienced and careful district judge, when sentencing Morrison, considered what had occurred in the prior proceeding.

4

Consequently, this is an instance where the defendant's "entire argument is based upon the mistaken notion that a . . . judge's exposure to evidence, standing alone, demonstrates bias." *Paradis v. Arave*, 20 F.3d 950, 958 (9th Cir. 1994). As we have made clear, however, a judge's awareness of potentially relevant information learned from prior proceedings over which she presided is not, without more, a viable basis "for questioning her ability to be fair and impartial." *United States v. Coven*, 662 F.2d 162, 169 (2d Cir. 1981); *see also United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008) ("Unlike a situation in which a trial judge has knowledge of disputed evidence gained from an extrajudicial source, defendant merely alleges that [the district judge] gained knowledge of disputed facts during the previous revocation hearing. However, as we have previously stated, '[k]nowledge acquired by the judge while he performs judicial duties does not constitute grounds for disqualification.'" (quoting *Coven*, 662 F.2d at 168)). As the First Circuit has explained:

> Insofar as the judge's presiding over the prior trials of Cowden's codefendants may have resulted in his learning about facts damaging to Cowden, the situation is not much different from when a presiding judge learns about evidence, later excluded, damaging to a defendant at a *voir-dire* or bench conference in the same proceeding. While judges attempt to shield themselves from needless exposure to matters outside the record, they are necessarily exposed to them in the course of ruling on the admission of evidence; and the judicial system could not function if judges could deal but once in their lifetime with a given defendant, or had to withdraw from a case whenever they had presided in a related or companion case or in a separate trial in the same case. The mere fact, therefore, that a judge has already presided over the separate jury trials of codefendants does not, in our view, constitute reasonable grounds for questioning his impartiality in a subsequent jury trial involving a remaining codefendant.

*United States v. Cowden*, 545 F.2d 257, 265–66 (1st Cir. 1976).[2]

## B.

Morrison also argues that the District Court committed procedural error at sentencing by considering the statutorily required minimum sentence that the court would be required to impose on one of Morrison's codefendants, Jeremy Zullo.[3] This argument has no legal basis. A district court does not commit procedural error if it chooses to consider a co-defendant's sentence. *See United States v. Wills*, 476 F.3d 103, 109–11 (2d Cir. 2007). Morrison does not dispute that Zullo—who had originally received a 126-month sentence—would be resentenced to a statutory minimum

---

[2] In any event, Morrison has not presented any evidence that Judge Murtha considered what had occurred in Warner's hearing when he sentenced Morrison, and therefore we presume, absent such evidence, that Judge Murtha's actions were sound.

[3] The parties dispute whether Morrison preserved this argument by raising it in a timely manner in the District Court, and, if he did not, whether "plain error" review should apply to this sentencing determination. Because we conclude that the District Court did not err at all, however, we need not examine whether it "plainly erred."

of at least 180 months, pursuant to the Supreme Court's intervening decision in *Abbott v. United States*, 131 S. Ct. 18 (2010).[4]  *See generally United States v. Carter*, 696 F.3d 229, 232–33 (2d Cir. 2012) (holding that statutory mandatory minimums supersede the general sentencing factors in 18 U.S.C. § 3553).  Given that Zullo's pending minimum sentence would be statutorily required, the District Court obviously was within its discretion to consider that sentence when it sentenced Morrison.

Morrison, however, argues that the District Court should have considered Zullo's 126-month sentence rather than the 180-month statutory minimum sentence, which the parties did not dispute would apply on resentencing.  This argument is plainly mistaken.  First, 18 U.S.C. § 3553(a)(6)[5] "does not *require* a district court to consider disparities between co-defendants," *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) (emphasis added), so the District Court was not obligated to consider Zullo's sentence at all, much less give Morrison roughly the same sentence as the Court had previously given to Zullo.  Second, it would defy common sense for a sentencing court, as a way of promoting parity between similarly situated co-defendants, to give one defendant a lower sentence because of the hypothetical sentence that the court otherwise would have given to the co-defendant absent a statutory minimum.  After all, § 3553(a)(6) refers to the interest in avoiding "sentence disparities among defendants," not in avoiding "*hypothetical* sentence disparities among defendants."

In this circumstance, if a court wishes to promote parity among similarly situated defendants, proper consideration of the Guidelines may be just as likely to promote this goal as any inquiry into what sentence a co-defendant might have received absent a statutory minimum.  *See United States v. Savin*, 349 F.3d 27, 34 (2d Cir. 2003) (noting that "a policy underlying the Guidelines is the promotion of 'reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders.'" (quoting U.S.S.G. ch. 1, pt. A, § 3 (1995))).  Here, Morrison's uncontested Guidelines range suggested a prison term of 210 to 262 months, and the District Court sentenced him to a term of 180 months—30 months *below* the lower end of the advisory Guidelines range.  In sum, Morrison has not presented any viable argument that his sentence reflects an unwarranted disparity among similarly situated defendants, or that the District Court committed procedural error in how it considered this sentencing factor.

---

[4] The District Court had previously sentenced Zullo to 126 months' imprisonment, consistent with our since-abrogated decision in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), *vacated and remanded*, 131 S. Ct. 632 (2010).  As was expected, on December 22, 2011, we vacated Zullo's sentence and remanded for resentencing, *see United States v. Zullo*, No. 10-4764-cr (2d Cir. Dec. 22, 2011), in light of *Abbott v. United States*, 131 S. Ct. 18 (2010), which held that sentencing courts must impose a *consecutive* five-year mandatory minimum for certain drug trafficking offenses, *see* 18 U.S.C. § 924(c)(1)(A)(i), even when the defendant is subject to "a higher mandatory minimum on a different count of conviction," *Abbott*, 131 S. Ct. at 23.

[5] Section 3553(a)(6) provides: "The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

6

Finally, Morrison makes a passing reference to the so-called "parsimony" provision of 18 U.S.C. § 3553(a), which provides that a sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with [appropriate sentencing objectives]." Morrison asserts that because the District Court had previously considered Zullo's 126-month sentence to be consistent with the parsimony provision, and because the District Court thought that Morrison deserved a similar sentence, the District Court necessarily violated the parsimony provision by sentencing Morrison to beyond the 126-month sentence.

Though not fully developed, this final argument seems to have a procedural and a substantive component. As a procedural matter, we have already explained why the District Court was not procedurally required to consider, much less follow, Zullo's sentence. As a substantive matter, Morrison asserts that Zullo's earlier sentence demonstrates that his own sentence was longer than necessary to satisfy appropriate sentencing objectives. This argument relates to the substantive reasonableness of his sentence, and therefore our review is for an abuse of discretion. *See Gall*, 552 U.S. at 41. In making this passing reference to the parsimony principle, however, Morrison's brief does not even mention his conduct, much less analyze why his 180-month sentence is "greater than necessary" to achieve appropriate sentencing objectives. 18 U.S.C. § 3553(a). We also note that Morrison has not presented *any* explanation for why Zullo's now-vacated 126-month sentence was "sufficient" under § 3553(a). In short, Morrison has not offered a reasoned explanation for why his sentence is one of "those special cases where the range of permissible decisions does not encompass the District Court's determination." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). We perceive no such reason ourselves, and therefore we reject Morrison's challenge to the substantive reasonableness of his sentence.

## CONCLUSION

We have considered all of Morrison's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7