12-2108-cr
United States v. Jackson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand thirteen.

PRESENT:  RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                    *Circuit Judges,*
          JED S. RAKOFF,*
                    *District Judge.*
----------------------------------------------------------------

UNITED STATES OF AMERICA,

                              *Appellee*,

               v.                                No. 12-2108-cr

JAVONNE JACKSON, aka "VON," aka "DUTCH,"

                    *Defendant-Appellant.***

----------------------------------------------------------------

---

\* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR APPELLANT:     MaryBeth Covert, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

FOR APPELLEE:     Joseph J. Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Javonne Jackson ("Jackson") appeals from a May 15, 2012 order denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and amendments to the United States Sentencing Guidelines reducing the base offense levels for crack cocaine offenses.   See U.S.S.G. app. C, amend. 750 (2011).   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Section 3582(c)(2) provides that a district court, after considering the factors in 18 U.S.C. § 3553(a), "may" reduce a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, if such a reduction is consistent with applicable Sentencing Commission policy statements.   We review a district court's denial of a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Borden, 564 F.3d 100, 101 (2d Cir. 2009).   "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."   United States v. Carter, 696 F.3d 229, 232 (2d Cir. 2012) (alteration and quotation marks omitted).

We reject Jackson's argument that the 16- to 30-month difference between his Guidelines range of 57 to 71 months' imprisonment under the amended Sentencing Guidelines and his sentence of 87 months' imprisonment suggests that the District Court abused its discretion by denying him a reduction in his sentence. Section 3582(c)(2) gives a district court discretion to reduce or not to reduce a term of imprisonment when the Sentencing Commission has subsequently lowered the applicable range; the statute does not suggest that this discretion is diminished when the Sentencing Commission lowers the Guidelines range substantially.

We also reject Jackson's argument that the District Court abused its discretion by denying his motion based, in part, on "the defendant's continued disciplinary issues that have occurred during his incarceration." Jackson argues that the District Court gave too much weight to his infraction for marijuana possession while in prison. First, he argues that because he was already punished for the incident, imposing additional punishment by denying him a reduction in his sentence is excessive. Second, Jackson notes that had he been prosecuted for possessing a small amount of marijuana, his Guidelines range would have been only 6 to 12 months' imprisonment. Therefore, he argues, the denial of an even longer reduction in his sentence is unwarranted. Commentary in the Sentencing Guidelines Manual provides that a "court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 cmt. n.1(B)(iii). The District Court was therefore entitled to consider Jackson's infraction. Further, the District Court did not rest its denial solely on this infraction but also determined that Jackson's original sentence was sufficient but not greater than necessary to satisfy the factors listed in 18 U.S.C. § 3553(a). In sum, the District Court did not abuse its discretion by finding additional support for its denial in Jackson's conduct while in prison.

3

Jackson further argues that the District Court failed to consider that the length of his original sentence was unwarranted. However, "a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under [§ 3582(c)(2)]." United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010). We therefore reject this argument as improper.

Finally, we reject Jackson's argument that the District Court failed to consider his efforts toward rehabilitation while incarcerated. Jackson presented this argument to the District Court, and in the absence of evidence to the contrary, we presume that the sentencing judge considered all arguments properly presented to him. See United States v. Fernandez, 443 F.3d 19, 29-30 (2d Cir. 2006). "The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." Id. at 32. We cannot conclude that Jackson's sentence of 87 months' imprisonment for conspiring to engage in racketeering activity involving between 50 and 150 grams of cocaine base is unreasonable.

We have considered all of Jackson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court