12-3526-cr
United States v. Arnold

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand thirteen.

PRESENT:   JON O. NEWMAN,
            REENA RAGGI,
            GERARD E. LYNCH,
                     *Circuit Judges.*

----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                     *Appellee*,

                     v.                                    No. 12-3526-cr

ROBERT ARNOLD,
                     *Defendant-Appellant*,

MYRON FOWLER,
                     *Defendant.**

----------------------------------------------------------------------------------

FOR APPELLANT:          Frank Policelli, Esq., Utica, New York.

FOR APPELLEE:           Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Acting Deputy Assistant Attorney General, Scott A.C. Meisler, Criminal Division, Appellate Section, U.S. Department of Justice, Washington, D.C.; Brenda K. Sannes, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

---

* The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 22, 2012, is AFFIRMED.

Robert Arnold appeals his conviction, following a jury trial, for conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and for possession of a controlled substance with intent to distribute, see id. § 841(a)(1), (b)(1)(C). Arnold claims that the district court erred in (1) denying his motion to suppress evidence seized during a search conducted pursuant to a warrant, (2) denying his motion for a new trial, (3) denying him "safety-valve" consideration in sentencing under 18 U.S.C. § 3553(f), and (4) imposing a 121-month prison sentence in violation of the parsimony clause of 18 U.S.C. § 3553(a) and unspecified provisions of the United States Constitution. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Motion To Suppress Evidence

Arnold asserts that the district court erred in ruling that he lacked standing to move for suppression of inculpatory evidence seized from 1101 Mansion Avenue, Ogdensburg, New York. Arnold submits that, as a result of that error, "the propriety of the search was never addressed." Appellant Br. 8. He is mistaken. The district court specifically ruled that, even if Arnold had standing, his suppression motion would fail because the challenged search

2

was pursuant to a warrant supported by probable cause. <u>See</u> Appellant App. 47–50. By failing to challenge that ruling on appeal, Arnold waives any probable cause argument, <u>see</u> <u>JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.</u>, 412 F.3d 418, 428 (2d Cir. 2005), without which he cannot demonstrate suppression error. While we could affirm the challenged suppression ruling on that waiver ground alone, we note that, even if Arnold had standing and had not waived a probable cause challenge, we would conclude that his suppression challenge fails on the merits.

Probable cause to search exists where the totality of the circumstances, viewed practically and with common sense, indicates a "fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983); <u>see</u> <u>Florida v. Harris</u>, 133 S. Ct. 1050, 1055 (2013). On review of the denial of a motion to suppress evidence seized pursuant to a warrant purportedly lacking in probable cause, we review the district court's "findings of historical fact for clear error, but analyze <u>de novo</u> the ultimate determination of such legal issues as probable cause and the good faith of police officials in relying upon a warrant." <u>United States v. Gagnon</u>, 373 F.3d 230, 235 (2d Cir. 2004) (internal quotation marks omitted). At the same time, we accord considerable deference to the judge issuing the warrant, limiting our review to whether that judge had "a substantial basis for the finding of probable cause." <u>United States v. Singh</u>, 390 F.3d 168, 181 (2d Cir. 2004) (internal quotation marks omitted). That substantial basis is easily demonstrated here by the following facts in the affidavit supporting issuance of the September 16, 2009 search warrant:

3

1. For the 13 months preceding the challenged search, police had investigated suspected drug activity at the subject premises, supervising controlled buys of cocaine from the location and observing suspicious activity consistent with drug trafficking, such as a steady flow of persons stopping at the location for brief periods of time.

2. When, on September 16, 2009—i.e., earlier on the day of the challenged search—police officers sought to execute an arrest warrant for James Yerdon at the subject premises, persons inside closed and deadbolted the door.

3. In executing the arrest warrant, officers observed large amounts of cash in plain sight on the subject premises, as well as drug paraphernalia such as plastic baggies with the corners cut off, torn and tied baggy corners, and burnt steel wool.

4. A confidential informant told police that, on the night of September 15, 2009, three males had brought three ounces of crack cocaine to the subject premises.

This evidence of controlled drug purchases on the subject site, a known informant's report of very recent drug activity on the premises, residents' efforts to bar police from the premises earlier on the day of the challenged search, and police observations of cash and drug paraphernalia on site shortly before seeking the challenged warrant easily admits a "fair probability that contraband or evidence of a crime" would be found on the premises. Illinois v. Gates, 462 U.S. at 238; see United States v. Moreno, 701 F.3d 64, 74 (2d Cir. 2012) (stating that "hasty retreat" into home on sight of police "manifests guilt and may, in appropriate circumstances, transform suspicion into probable cause"); United States v. Klump, 536 F.3d 113, 118 (2d Cir. 2008) (stating that contraband or evidence of crime in

4

plain view during "circumscribed search may be used to establish probable cause to obtain a warrant to conduct a broader search"); United States v. Perez, 144 F.3d 204, 208 (2d Cir. 1998) (recognizing plastic baggies as packaging tools of drug trade); United States v. Wagner, 989 F.2d 69, 73 (2d Cir. 1993) (recognizing controlled purchases as "powerful corroborative evidence" in determining probable cause); United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985) (concluding that large amounts of unexplained cash supported probable cause for search warrant); see also United States v. Allebach, 526 F.3d 385, 387 & n.4 (8th Cir. 2008) (holding that torn bag corners and steel wool, which can serve as crack pipe filter, support probable cause).

Accordingly, whether or not Arnold had standing to challenge the search, the district court correctly refused to suppress evidence seized in the course thereof.

2.    New Trial Motion

We review a district court's denial of a new trial motion pursuant to Fed. R. Crim. P. 33(a) for abuse of discretion, see United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009), and we identify no such abuse here.

To secure a new trial, Arnold bore the burden of demonstrating "a real concern that an innocent person may have been convicted." Id. at 475 (internal quotation marks omitted). Insofar as he attempted to carry this burden by pointing to inconsistencies and omissions in the testimony of cooperating witnesses, Arnold raises questions properly presented to the trial jury, which we must assume were resolved against him. See id. at 476 (stating that jury's function is to weigh evidence and assess witness credibility, and that Rule 33 motion is

5

justified only where testimony is "patently incredible or defies physical realities" (internal quotation marks omitted)). Similarly, it was for the jury to decide whether a federal surveillance agent's unawareness of Arnold's drug activities, Arnold's professed indigence, and Yerdon's obvious culpability created a reasonable doubt as to Arnold's guilt. When we assume that the jury credited the inculpatory testimony of the cooperating witnesses, which was corroborated in important respects by the drugs, drug paraphernalia, and cash seized from 1101 Mansion Avenue, we cannot conclude that no reasonable jury could have found Arnold guilty, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), nor can we identify a "real concern" that the jury's guilty verdict against Arnold resulted in the conviction of an innocent man, United States v. McCourty, 562 F.3d at 475 (internal quotation marks omitted).

Accordingly, the district court acted well within its discretion in denying Arnold's Rule 33 motion for a new trial.

3.      Safety Valve

Arnold faults the district court's finding that he was ineligible for "safety-valve" relief, see 18 U.S.C. § 3553(f), from the ten-year minimum prison sentence statutorily mandated for his crack conspiracy conviction, see 21 U.S.C. § 841(b)(1)(A)(iii). Of the five requirements for safety-valve relief, the one here at issue required Arnold, by the time of sentencing, to have disclosed to the government "all information and evidence [he] has concerning the offense [of conviction] or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). Further, Arnold bore the

6

burden of proving by a preponderance of the evidence that he had satisfied this requirement. See United States v. Jimenez, 451 F.3d 97, 102–03 (2d Cir. 2006). We review the district court's factual finding that he did not do so only for clear error, see United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997), which is not present here.

The record indicates that in pretrial meetings with prosecutors, Arnold minimized the nature and duration of his own drug dealing as proved at trial and failed to reveal his drug source. This was sufficient to permit the district court to find that Arnold failed to make a preponderance showing that he had disclosed "all he knows concerning both his involvement and that of any co-conspirators." United States v. Smith, 174 F.3d 52, 56 (2d Cir. 1999) (internal quotation marks omitted); see United States v. Conde, 178 F.3d 616, 622 (2d Cir. 1999) (reiterating that defendant was properly denied safety-valve reduction where he failed to provide name of drug source). Insofar as Arnold claimed he did not possess the information sought by prosecutors, the district court was not bound to accept his self-serving professions of ignorance, particularly after hearing the trial evidence. See generally United States v. Gambino, 106 F.3d 1105, 1110 (2d Cir. 1997) (holding sentencing court not bound to accept defendant's self-serving characterizations of role in offense). Indeed, the district court's skepticism would only have been reinforced by Arnold's refusal to meet with prosecutors after trial. See generally United States v. Schreiber, 191 F.3d 103, 108 (2d Cir. 1999) (stating that defendant who refuses to meet with government will find it "difficult to prove that complete and truthful disclosure has been made").

7

Equally meritless is Arnold's contention that the district court's denial of safety-valve relief was infected by a legal error in confusing the § 3553(f) safety valve with U.S.S.G. § 3E1.1, which provides for acceptance of responsibility consideration in Guidelines calculation. The district court's statement that Arnold's failure to qualify for safety-valve consideration would result in his not receiving a two-point reduction to his Guidelines base offense level was plainly a reference to U.S.S.G. § 2D1.1(b)(16), which affords a two-point reduction in base offense level to defendants who qualify for the safety valve, not to U.S.S.G. § 3E1.1.

In sum, the district court did not clearly err in finding that Arnold failed to satisfy the safety valve's disclosure requirement and, therefore, correctly concluded that § 3553(f) did not afford Arnold relief from the statutorily mandated minimum sentence for the conspiracy crime of conviction.

4. Parsimony Challenge to Sentence

Arnold submits that his 121-month prison sentence, which represents the low end of his Sentencing Guidelines range, and is one month longer than the statutorily mandated minimum sentence, is substantively unreasonable in that it violates the parsimony clause of 18 U.S.C. § 3553(a) and unspecified provisions of the Constitution. This argument is defeated by precedent. See United States v. Carter, 696 F.3d 229, 232–33 (2d Cir. 2012) (holding that ten-year mandatory minimum sentence for crack conspiracy does not violate § 3553(a) parsimony clause); see also United States v. Huerta, 878 F.2d 89, 91–94 (2d Cir. 1989) (rejecting due process and separation of powers challenges to mandatory minimum

8

sentences).  Because this is not one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible [sentences]," his sentence is not substantively unreasonable.  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

We have considered Arnold's remaining arguments on appeal and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court