**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4181**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT HUBBARD,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:12-cr-00157-RDB-1)

─────────────

Submitted: January 8, 2014       Decided: January 31, 2014

─────────────

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Meghan S. Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, H. Brandis Marsh, Jr., Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hubbard appeals his fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e) (2012) imposed by the district court after the jury convicted him of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hubbard contends that the district court erred in imposing the sentence, because § 924(e) conflicts with 18 U.S.C. § 3553(a) (2012) and the sentence was based on facts that were not charged in the indictment or submitted to the jury in violation of the Fifth and Sixth Amendments. We affirm.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). A statutorily required sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). We review questions of statutory interpretation and constitutional challenges de novo. United States v. Under Seal, 709 F.3d 257, 261 (4th Cir. 2013) (citations omitted).

Hubbard first argues that the mandatory minimum in § 924(e) conflicts with § 3553(a) and that we should interpret the statutes so that § 3553(a) "trumps" § 924(e). We disagree. Courts must sentence defendants in accordance with the provisions and purposes of § 3553(a) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a) (2012). "Thus, the

2

general sentencing provisions in § 3553(a) give way to specific mandatory sentencing provisions elsewhere in the criminal code." United States v. Carter, 696 F.3d 229, 232 (2d Cir. 2012); see also United States v. Graham, 711 F.3d 445, 455 (4th Cir.), cert. denied, 134 S. Ct. 449 (2013); United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005); United States v. Crittendon, 883 F.2d 326, 331 (4th Cir. 1989).

In his second issue, Hubbard challenges the continued viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998), and argues that his Fifth and Sixth Amendment rights were violated by the district court increasing his statutory maximum under § 924(e) based on facts that were not charged in the indictment or submitted to the jury. However, we remain "bound by Almendarez-Torres unless and until the Supreme Court says otherwise." Graham, 711 F.3d at 455; see also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED