**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-4237**

─────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ROBERT STEWART,

             Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Ellen L. Hollander, District Judge. (1:13-cr-00262-ELH-1)

─────────

Submitted:  October 14, 2014           Decided:  October 24, 2014

─────────

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James Wyda, Federal Public Defender, Julie L.B. Johnson, Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Raishay Lin, Student Law Clerk, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Stewart appeals the 180-month armed career criminal sentence imposed by the district court pursuant to 18 U.S.C. § 924(e) (2012) following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Stewart contends that the district court erred in imposing a statutory mandatory minimum sentence because such sentences conflict with the mandate of 18 U.S.C. § 3553(a) (2012) to impose a sentence that is "sufficient but not greater than necessary." Stewart also contends that the court increased his statutory maximum sentence based on facts that were not charged in the indictment or submitted to a jury, in violation of the Fifth and Sixth Amendments. Finding no error, we affirm.

Stewart first contends that the § 924(e) mandatory minimum conflicts with the sentencing mandate of § 3553(a). We disagree. Under 18 U.S.C. § 3551(a) (2012), courts must sentence a defendant in accordance with § 3553(a) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a). "Thus, the general sentencing provisions in § 3553(a) give way to specific mandatory sentencing provisions elsewhere in the criminal code." United States v. Carter, 696 F.3d 229, 232 (2d Cir. 2012); see also United States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010). Moreover, "[c]ourts have uniformly rejected

2

the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum." United States v. Cirilo-Munoz, 582 F.3d 54, 55 (1st Cir. 2009) (collecting cases); see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) "([A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction.").

Second, Stewart contends that the district court violated his Fifth and Sixth Amendment rights by increasing his statutory maximum term of imprisonment based on prior convictions that were neither alleged in the indictment nor submitted to a jury. This claim is, however, foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 228–35 (1998). See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014) (stating that "Almendarez–Torres remains good law"), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 16, 2014) (No. 13-10640); United States v. Graham, 711 F.3d 445 (4th Cir.) ("[W]e are bound by Almendarez–Torres unless and until the Supreme Court says otherwise."), cert. denied 134 S. Ct. 449 (2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

3