14-1970-cr
United States v. Raouf

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand fifteen.

Present:        GUIDO CALABRESI,
                CHESTER J. STRAUB,
                ROSEMARY S. POOLER,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                              14-1970-cr

LILLIAN COMPRES,

                        *Defendant*,

RAIBWAR RAOUF*,* AKA Camel,

                        *Defendant-Appellant*.

_____

Appearing for Defendant-Appellant:        MARIANNE MARIANO (Jayme L. Feldman,
                                          Hillary K. Green, *on the brief*), Federal Public
                                          Defender's Office, Western District of New York,
                                          Buffalo, NY.

Appearing for Appellee:             GEOFFREY M. STONE, Assistant United States
                                    Attorney (Marc H. Silverman, Assistant United
                                    States Attorney, *on the brief*), *for* Deirdre M. Daly,
                                    United States Attorney for the District of
                                    Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Raibwar Raouf appeals from the June 4, 2014 judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*) principally sentencing him to 120 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Raouf contends that the district court erred in applying a two-level enhancement for being "an organizer, leader, manager, or supervisor in any criminal activity" pursuant to U.S.S.G. § 3B1.1(c). "[W]e review a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 *de novo*, but we review the court's findings of fact supporting its conclusion only for clear error." *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009). "Under clear error review, we uphold findings of fact that are plausible in light of the record viewed in its entirety." *United States v. Gonzalez*, 764 F.3d 159, 165 (2d Cir. 2014) (internal quotation marks omitted).

The district court found the two-level role enhancement appropriate here based on Raouf's supervision of three individuals: (1) Lillian Compres, (2) John Canneto, and (3) an unidentified individual known as "Ugly Jose." With respect to Compres, Raouf challenges the district court's factual finding that Compres knowingly assisted Raouf by obtaining money from a safety deposit box and bringing it to the failed drug transaction in the trunk of her car. We find no clear error. In reaching this determination, the district court relied on Compres's sworn statements during a plea hearing regarding her role in the offense. Although Raouf argues that Compres only made these statements in order to secure a more favorable sentence, the district court was aware of this possibility and nevertheless found Compres's sworn statements credible. *See Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) ("[C]lear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations."). Similarly, Raouf has failed to show that the district court's factual findings rely on the "practical impossibility" that Compres had sufficient time to conceal the funds. Given Agent Schatz's testimony that concealing money in VCR shells would require minimal time, the district court's version of the events is certainly "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

Raouf's supervision of Compres is sufficient to support the two-level enhancement under Section 3B1.1(c). *See United States v. Garcia*, 413 F.3d 201, 223 (2d Cir. 2005) ("[A] defendant need only manage or supervise a single other participant to warrant a § 3B1.1(c) enhancement."

(internal quotation marks omitted)). In addition, the application of the Section 3B1.1(c) enhancement is a sufficient basis to reject Raouf's additional contention that the district court erred in denying him safety valve relief. *See* 18 U.S.C. § 3553(f)(4); U.S.S.G. § 5C1.2(a)(4); *see also* U.S.S.G. § 5C1.2, Application Note 5.

Raouf also challenges the substantive reasonableness of his sentence, arguing that the ten-year mandatory minimum sentence here was unjustly excessive in light of the factors listed in 18 U.S.C. § 3553(a). However, we have held that, in the absence of safety valve relief, a mandatory minimum sentence controls over the Section 3553(a) factors. *See United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009) ("[A] district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a)."). Thus, because the district court was bound to impose the ten-year mandatory minimum, its sentence was not substantively unreasonable. *See United States v. Carter*, 696 F.3d 229, 230 (2d Cir. 2012) ("[A] statutory mandatory minimum binds a sentencing court by explicitly providing a sentencing floor.").

Finally, Raouf argues in his pro se supplemental brief that his conviction is invalid because it was obtained with evidence procured in violation of the Fourth Amendment. This challenge is waived. "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996). "[I]n order to reserve an issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *Id.* Here, when pleading guilty, Raouf failed to reserve the right to raise his present challenge on appeal, unconditionally waiving the right to challenge his conviction regardless of the level of his sentence. In addition, at the change of plea proceedings, the district court confirmed Raouf's understanding of the nature of his plea. Accordingly, his present challenge is waived.

We have considered the remainder of Raouf's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk